# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:18-cr-00063-GZS |
| RICHARD DANIELS, et al., | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANTS' MOTION
## RE: SUPPRESSION AND FRANKS HEARING (ECF NO. 333)

Before the Court is a Motion to Suppress and for Franks Hearing by Defendants Tyler Poland, Ty Construction, LLC, & Ty Properties, LLC (together, the "Poland Defendants") (ECF No. 333).[1] Having fully considered the filings related to the Motion as well as relevant developments noted on the docket, the Court DENIES the Motion.

## I. LEGAL STANDARD

"A warrant application must demonstrate probable cause to believe that (1) a crime has been committed—the 'commission' element, and (2) enumerated evidence of the offense will be found at the place searched—the so-called 'nexus' element." United States v. Dixon, 787 F.3d 55, 59 (1st Cir. 2015) (quoting United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999)). "Probable cause to issue a warrant exists when, 'given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found *in a particular place*.'" United States v. Silva, 742 F.3d 1, 9 (1st Cir. 2014) (emphasis added) (quoting United States v.

---

[1] Brian Bilodeau & Brian Bilodeau, LLC (together, the "Bilodeau Defendants") joined this Motion in addition to filing their own Motion to Suppress Evidence and for Franks Hearing. See ECF No. 405.

Reiner, 500 F.3d 10, 15 (1st Cir. 2007)). A probable cause determination may be based in part on an informant's tip if the informant's credibility can be established. United States v. Ramirez-Rivera, 800 F.3d 1, 27-28 (1st Cir. 2015). An informant's credibility assessment turns on a variety of factors, including:

> (1) . . . the probable veracity and basis of knowledge of persons supplying hearsay information; (2) whether an informant's statements reflect first-hand knowledge; (3) whether some or all of the informant's factual statements were corroborated wherever reasonable and practicable (e.g., through police surveillance); and (4) whether a law enforcement [officer] assessed, from his professional standpoint, experience, and expertise, the probable significance of the informant's provided information.

Id. at 28 (quoting United States v. Tiem Trinh, 665 F.3d 1, 10 (1st Cir. 2011)) (alterations in original).

"Affidavits supporting search warrants are presumptively valid. A defendant may rebut this presumption and challenge the veracity of a warrant affidavit at a pretrial hearing commonly known as a Franks hearing." United States v. Owens, 917 F.3d 26, 38 (1st Cir.), cert. denied, 140 S. Ct. 200 (2019) (internal citations and quotations omitted). "To get a Franks hearing, a party must first make two 'substantial preliminary showings': (1) that a false statement or omission in the affidavit was made knowingly and intentionally or with reckless disregard for the truth; and (2) the falsehood or omission was necessary to the finding of probable cause." United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012). "Failure to make a showing on either element dooms a party's hearing request." Id. As to the second prong, the Court must "determine whether the totality of the revealed circumstances makes out a showing of probable cause, even with false facts

stripped away, inaccurate facts corrected, and omitted facts included." United States v. Barbosa, 896 F.3d 60, 69 (1st Cir. 2018).[2]

## II. BACKGROUND

On February 26, 2018, DEA Task Force Officer ("TFO") Kelly applied for a warrant to search commercial buildings located at 249 Merrow Road, Auburn, Maine, as well as other locations. TFO Kelly filed an affidavit in support of the warrant application. The warrant application set forth the alleged existence and membership of a drug trafficking organization ("DTO") led by Timmy Bellmore in Androscoggin County. It indicated that a confidential informant who had been a member of the DTO until summer 2017, "SOI-5," had personally built a 72-plant marijuana grow room at 249 Merrow Road sometime between 2016 and summer 2017. Another confidential informant, "SOI-3," observed marijuana cultivation inconsistent with personal use inside 249 Merrow in summer 2016. Tyler Poland purchased 249 Merrow from SOI-3 on November 21, 2017. According to SOI-3, this purchase involved Poland delivering the seller an additional $200,000 in cash outside the scope of the $500,000 contractual selling price. SOI-3 also indicated that Poland was "one of the people behind the operation at 249 Merrow" at the time of the search warrant application and told law enforcement that Poland had recently (relative to the time of the warrant application) added a second floor to one of the buildings at 249 Merrow to double his production capacity. Many of the statements by SOI-3 and SOI-5 were corroborated by SOI-1 and SOI-2. The warrant additionally documented text communications from February 2018 between Poland and a trimmer; TFO Kelly believed these related to the grow at 249 Merrow.

---

[2] To ultimately have evidence suppressed based on alleged false statements or omissions in a search warrant affidavit, "the defendant must meet an even more exacting standard [than for a Franks hearing]." United States v. Graf, 784 F.3d 1, 11-12 (1st Cir. 2015) (quoting United States v. Tzannos, 460 F.3d 128, 136 (1st Cir. 2006)). That is, the defendant "must (1) show that the affiant in fact made a false statement knowingly and intentionally, or with reckless disregard for the truth, (2) make this showing by a preponderance of the evidence, and (3) show in addition that with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." Id. (citations and quotations omitted).

The warrant also referenced telephone communications from Bellmore to Poland, intercepted in February 2018, in which Bellmore tells Poland about Bellmore's own apparent illegal drug activity.

A United States magistrate judge issued the warrant, and it was subsequently executed on February 27, 2018. During the search of 249 Merrow, law enforcement seized hundreds of marijuana plants, bulk amounts of harvested marijuana, pills containing other controlled substances, and significant amounts of U.S. currency.

## III. DISCUSSION

The Poland Defendants contend that the Court should suppress the evidence seized from 249 Merrow because the just-described warrant was deficient. Specifically, Defendants argue: (1) the warrant affidavit failed to establish probable cause; (2) the warrant application lacked particularity; and (3) the warrant is invalid pursuant to Franks. The Court addresses each of these arguments in turn.

### A. Probable Cause

The Poland Defendants argue that the warrant affidavit does not establish probable cause because it fails to establish that illegal activity occurred at 249 Merrow after summer 2016 and relies on old information from an informant, SOI-3, who was neither reliable nor credible. However, even taking into account SOI-3's motives to provide misinformation, the circumstances detailed in the affidavit give rise to a fair probability that evidence of criminal activity would be found at 249 Merrow Road on February 27, 2018. The affidavit described a history of DTO marijuana cultivation at 249 Merrow; an unusual financial transaction in November 2017 whereby the property was transferred to Poland; communications from Bellmore to Poland in February 2018; information that Poland had recently added to the property in order to double his production capacity; and February text communications by Poland to a trimmer, seeking advice about details

4

of the grow. Taken together, this information gives rise to the reasonable inference that the unlawful drug operation observed by SOI-3 in summer 2016 continued under Poland's watch up until the time of the search.[3]

The informants upon whose tips probable cause was based, including SOI-3, were credible. Law enforcement knew their identities, see United States v. Brown, 500 F.3d 48, 54 (1st Cir. 2007) (stating that because an informant "was known to the police, he could have been held accountable if his information proved inaccurate or false"); they provided information against interest, see United States v. Vongkaysone, 434 F.3d 68, 74 (1st Cir. 2006) ("A statement against interest . . . bolsters an informant's credibility."); and they cross-corroborated each other. The affidavit also established the informants' bases of knowledge and described their motivations. Paragraph 18(d) of the search warrant affidavit documented SOI-3's motive for cooperation, his engagement in real-estate transactions with the DTO, his receipt of criminally derived proceeds, his expectation that he would not be prosecuted, and his prior minimization of his involvement with the DTO. Exhibit 1 explained that SOI-3 was the seller of 249 Merrow Road and hoped to receive clean title to that address at the close of the investigation. These reasons to question SOI-3's credibility were before the magistrate judge, and they were offset by the other information in the affidavit that corroborated SOI-3's information. Although the only first-hand observation of allegedly unlawful marijuana cultivation at 249 Merrow dates to summer 2016, given the other information in the affidavit that indicated an ongoing operation, this does not render the warrant stale. C.f. United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996) ("[I]t is common ground that drug conspiracies

---

[3] The Poland Defendants characterize SOI-3's statement that Poland was one of the individuals behind a grow operation at 249 Merrow at the time of the search as uncorroborated, but Poland's February 2018 text messages to a trimmer and the evidence that he owned 249 Merrow provide that corroboration.

5

tend to be ongoing operations, rendering timely information that might, in other contexts, be regarded as stale.").

## B. Particularity

There were multiple buildings at 249 Merrow, and the Poland Defendants contend that the warrant should have limited the search to the building law enforcement knew to contain a marijuana grow. In the Court's view, however, the warrant properly excluded from the search the property's lone residential building and appropriately limited the search at 249 Merrow to the multi-warehouse business complex that was contained within a privacy fence on the property. Based on the affidavit's information regarding suspected marijuana operations at 249 Merrow and recent expansion, there was probable cause to find evidence of marijuana cultivation, drug trafficking, and money laundering throughout the complex, not just within the building the government knew to house a marijuana grow.

## C. The Request for a Franks Hearing

Finally, the Poland Defendants argue that factual omissions and one alleged misrepresentation in the warrant affidavit entitle them to a Franks hearing and, ultimately, suppression of the evidence seized at 249 Merrow. The Poland Defendants name five omissions they maintain warrant a Franks hearing: (1) the affidavit did not state that state-licensed caregivers grew at 249 Merrow and that the grow was compliant with state law; (2) the affidavit did not include certain information about SOI-3 that is relevant to his credibility; (3) the affidavit omitted context from an intercepted communication; (4) the affidavit omitted Poland's individual and corporate capabilities; and (5) the affidavit omitted a statement by SOI-3 that he was unaware that Poland was associated with the DTO. They also allege that law enforcement misrepresented information from SOI-5 in the search warrant affidavit. (See Defs. Supp. Mem. (ECF No. 481), PageID #s 1454-56.) The Court addresses these contentions in turn.

First, information about the presence of state-licensed caregivers at 249 Merrow and Poland's own licensing as a medical marijuana caregiver would not undermine the warrant's probable cause showing. Simply put, the involvement of state-licensed individuals at the grow site does not decrease the probability established by the warrant's existing factual assertions that evidence of illegal activity would be found there. Indeed, the warrant application indicated that it was a common practice among those under surveillance to act under the cover of Maine's medical marijuana program, so the licensure of those involved with 249 Merrow would be consistent with the warrant's allegations of illegality.

The Poland Defendants argue that because a federal appropriations rider commonly known as the "Rohrabacher-Farr Amendment" (hereinafter, "the Amendment") bars the Department of Justice from expending funds to interfere with state medical marijuana programs, where a search warrant is issued for a fully licensed medical marijuana facility, the issuing court must address whether the Amendment applies. See Consolidated Appropriations Act, 2019, Pub. L. No. 116-6, § 537, 133 Stat. 13, 138 (2019) ("None of the funds made available under this Act to the Department of Justice may be used, with respect to any of the States of Alabama, . . . Maine, . . . or Puerto Rico, to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana."). The Court disagrees. There is no clear precedent for applying the Amendment in the search warrant context as the Poland Defendants argue for here. C.f. Commonwealth v. Canning, 28 N.E.3d 1156, 1165 (Mass. 2015) (holding that under state legalization of medical marijuana, a search warrant affidavit establishing only probable cause to believe an individual is growing marijuana is insufficient to establish probable cause of a crime absent facts indicating the person is not registered to cultivate under state law). The Poland Defendants, among others, have sought an injunction enjoining their prosecution pursuant to the Amendment (ECF Nos. 334, 404 & 410). The Court has held an

evidentiary hearing where the moving Defendants had the opportunity to establish their strict compliance with Maine's medical marijuana laws (ECF No. 565 & 566). The extent to which the Amendment bars federal action against the Defendants has been determined through those proceedings and may be found in the Court's Order on Defendants' Motions to Enjoin Prosecution (ECF No. 675).

Second, any omissions relevant to SOI-3's credibility are immaterial to the warrant's probable cause showing. The warrant affidavit sufficiently acknowledged the ways SOI-3's motives might impact his credibility: It noted that he received proceeds of criminal activities and was likely trying to minimize his potential tax burden. Likewise, the affidavit clearly indicated SOI-3's deep involvement with the DTO as one of its members, so the omission of certain details regarding his involvement in 249 Merrow's purchase and set-up while with the DTO is immaterial to the warrant's probable cause showing. Finally, the Poland Defendants incorrectly urge that the Court should consider as omitted information about SOI-3 that was included in an Exhibit attached to the affidavit but not expressly referenced within the affidavit. The one case relevant to the warrant context that they cite in support of this contention is inapposite, as it deals with the incorporation of an affidavit by reference, not whether an attached exhibit must also be expressly referenced in the body of a search warrant affidavit. See United States v. Burgos-Montes, 786 F.3d 92, 108 (1st Cir. 2015). The search warrant docket (2:18-mj-59-JHR) confirms that Exhibit 1 appeared as page 79 of the warrant affidavit and thus was squarely before the magistrate judge who issued the warrant. The information within it was not omitted from the warrant application.

Third, the alleged omitted context from an intercepted telephone communication does not warrant a Franks hearing.[4] As an initial matter, the telephone communication the Poland Defendants point to is relevant to the probable cause finding for 230, not 249, Merrow Road, so it cannot entitle the Poland Defendants to a Franks hearing. To the extent this argument is relevant to the Bilodeau Defendants, who joined this Motion, the absence of the context the Poland Defendants allege would not change the probable cause determination as to 230 Merrow Road. As noted in the Court's Order on the Bilodeau Defendants' Motion to Suppress and for Franks Hearing, whether or not Bilodeau split from Bellmore in 2017, there was sufficient information in the warrant application to support probable cause of continuing criminal activity at the properties associated with Bilodeau. Thus, the addition of context supporting that split would make no difference in the probable cause determination as to 230 Merrow Road.

Fourth, omission of information about Poland's construction, automobile, or licensed medical marijuana businesses is irrelevant to the probable cause analysis. The real-estate transaction whereby Poland purchased 249 Merrow Road was notable not only due to the price of sale but also because of the cash side payment that was part of the deal. Regardless of Poland's income, the nature of the transaction is consistent with money laundering.

Fifth, the fact that SOI-3 had no personal knowledge whether Poland was involved in the DTO does not alter the probable cause analysis. Whether or not anyone had personal knowledge of Poland's involvement in the DTO, there was sufficient information in the warrant affidavit to establish probable cause of criminal activity at 249 Merrow Road.

---

[4] The Poland Defendants also reference intercepted telephone communications that they contend ought to have been included in the warrant application. See ECF No. 333, PageID # 939. But the referenced communications are not attached to their motion papers. Based on the reference alone, the Court declines to find that inclusion of these communications would change the probable cause determination.

Finally, the Court cannot conclude that the search warrant affidavit's assertion that SOI-5 personally installed the grow room at 249 Merrow Road was false and "made knowingly and intentionally or with reckless disregard for the truth." United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012). The Government filed a transcript of its interview with SOI-5 under seal (ECF No. 653-1). After reviewing that transcript, the Court finds it was reasonable for TFO Kelly to conclude from SOI-5's representations during the interview that SOI-5 was responsible for installing the grow room at 249 Merrow.[5] However, even if the Court omits from the affidavit all of SOI-5's post-November 2017 statements about 249 Merrow, the Court concludes there is still sufficient information in the affidavit to warrant a finding of probable cause to search this location.

In sum, none of the omissions or misrepresentations alleged by the Poland Defendants necessitate a Franks hearing.

## IV. CONCLUSION

Therefore, the Court hereby DENIES the Poland Defendants' Motion to Suppress and for Franks Hearing (ECF No. 333).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of December, 2019.

---

[5] Alternatively, crediting SOI-5's Declaration (ECF No. 481-1), it would appear that he misspoke when he agreed that he "set up" the grow at 249 Merrow. However, the Poland Defendants do not present any persuasive arguments regarding other information the Government knew or reasonably should have known about SOI-5 at the time that would yield a finding that the warrant affidavit's installation comment was made with reckless disregard for the truth or known to be false.

10